IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MARY ANN EMERY,**

    **Plaintiff,**

**v.** // CIVIL ACTION NO. 1:14CV62
        (Judge Keeley)

**CALVIN L. BARKER and CALVIN E.
BARKER, JR.,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 7]
AND DENYING DEFENDANTS' MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION TO QUASH SUMMONS [DKT. NO. 6] AS MOOT**

Pending before the Court are the motion to remand (dkt. no. 7), filed by the plaintiff, Mary Ann Emery ("Emery"), and the motion to dismiss or, in the alternative, motion to quash summons (dkt. no. 6), filed by the defendants, Calvin L. Barker and Calvin E. Barker, Jr. (collectively, the "Barkers"). For the reasons that follow, the Court **DENIES** the motion to remand and **DENIES** the motion to dismiss or quash summons **AS MOOT**.

**I.**

This case involves an automobile accident that occurred on February 12, 2012 in Morgantown, West Virginia. Emery's daughter was driving her sedan westward on Stewartstown Road while her mother sat in the front seat. Calvin L. Barker, driving a pick-up truck owned by Calvin E. Barker, Jr., was traveling in the opposite direction. When he attempted to turn right, he lost control of the truck, crossed the double yellow line, and collided head-on with

the vehicle in which Emery was a passenger.  As a result of that collision, the automobile behind Emery crashed into her daughter's car, allegedly causing Emery "serious and potentially permanent personal bodily injuries."

Emery filed a complaint on January 24, 2014, in the Circuit Court of Monongalia County, West Virginia, asserting negligence against Calvin L. Barker, negligence against Calvin E. Barker, Jr. through the "family purpose doctrine," and negligent entrustment against Calvin E. Barker, Jr.  Emery sent copies of the complaint and the summons to the Barkers, via certified mail, at the address listed for them in the police crash report - 2014 Lakeside Estates, Morgantown, West Virginia.  According to the sworn writ returns, the Barkers were personally served at the Morgantown address on February 18, 2014, at which time they signed return receipts.

Notwithstanding, on February 28, 2014, the Barkers, appearing specially through counsel in Monongalia County Circuit Court, filed a motion to dismiss or, in the alternative, to quash summons.  They argued that personal service was improper because, in 2013, they had become Maryland residents and were thus entitled to service under W. Va. Code § 56-3-31.[1]  In response, Emery asserted that personal service was proper because, according to the police crash report, the Barkers were West Virginia residents.  Alternatively,

---

[1] The statute provides that non-resident motorists, or their insurers, are to be served through the West Virginia Secretary of State. If such service cannot be effected, then service may be made personally upon the non-resident defendant's insurance company.  See Randolph v. Hendry, 50 F. Supp. 2d 572, 573-74 (S.D.W. Va. 1999).

2

Emery noted her intention to serve the Barkers in accordance with W. Va. Code § 56-3-31. Indeed, the Barkers now concede that their insurer, Nationwide Property and Casualty Insurance Company, was served through the Secretary of State on March 21, 2014.[2] (Dkt. No. 9 at 1, 4).

While their motion was still pending before the state court, the Barkers removed the complaint to this Court on April 8, 2014. Two days later, Emery filed a motion to remand, arguing that the Barkers had been properly served on February 18, 2014, or, alternatively, that they had received the complaint at their Maryland address on February 28, 2014, regardless of whether service was perfected. According to Emery, either of these dates triggered the thirty-day period for removal under 28 U.S.C. § 1446(b), and therefore the Barkers' April 8, 2014 removal was untimely. For their part, the Barkers had previously filed affidavits stating that the signatures on the return receipts were not theirs and that their residence had changed from West Virginia to Maryland in 2013. In addition, they contend that the thirty-day removal period was not triggered until they received service of process from the Secretary of State on March 21, 2014.

**II.**

Under 28 U.S.C. § 1441, defendants named in a state civil action who are non-residents of the forum state may remove the

---

[2] The record reflects that the Secretary of State delivered service of process to Nationwide on March 17, 2014. (Dkt. No. 5-7 at 4). The difference is immaterial for purposes of this Order.

3

action to federal district court on the basis of § 1332(a) diversity jurisdiction. However, defendants must do so "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." § 1446(b)(1).

Here, Emery proposes February 18, 2014 and February 28, 2014 as alternative triggering dates for the Barkers' thirty-day window in which to remove the complaint. For purposes of remand, the difference between these dates is immaterial, as either would place the April 8, 2014 notice of removal outside the permissible time frame. Therefore, the Court does not address the issue of whether the Barkers actually signed the return receipts. Instead, it addresses only the issue of whether the Barkers' actual receipt of service on or before February 28, 2014, albeit defective, triggered the thirty-day removal period.[3]

The triggering event language in § 1446(b)(1), "receipt by the defendant, through service or otherwise," was, for many years, seen as ambiguous, and courts were split as to whether the thirty-day removal period commenced upon actual receipt of the complaint even if service was improper. Compare, e.g., Kluksdahl v. Muro Pharm., Inc., 886 F. Supp. 535, 539 (E.D. Va 1995) (adopting the "receipt rule"), with Bowman v. Weeks Marine, Inc., 936 F. Supp. 329, 333

---

[3] In the Barkers' motion, filed February 28, 2014, they explain that "the Summons and Complaint appeared in [their] mailbox in Maryland." (Dkt. No. 6-1 at 2).

(D.S.C. 1996) (adopting the "proper service rule"). In 1999, however, the United States Supreme Court resolved the statute's ambiguity and settled this debate by holding that the thirty-day removal period is only triggered upon proper service of process. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 356 (1999).

In this case, as Maryland residents, the Barkers were entitled to service under W. Va. Code § 56-3-31(d) through the Secretary of State. Thus, Emery did not properly serve the Barkers until March 17, 2014. (Dkt. No. 5-7 at 4). Therefore, under Murphy Brothers, the Barkers' April 8, 2014 notice of removal was filed well within the permissible time period.

### III.

For these reasons, the Court **DENIES** Emery's motion to remand. Also, because the Barkers have been properly served, the Court **DENIES** their motion to dismiss or quash summons **AS MOOT**.

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: May 19, 2014.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE